O

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 460103

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NWANNEKA AZUBUIKE, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK NA, T.D., SERVICE COMPANY,<br><br>        Defendants. | Case No. CV 11-04665 DDP (FFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Motion filed on 6/20/11] |

Presently before the court is Plaintiff's Motion to Remand. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

On April 22, 2011, Plaintiff filed a complaint in Los Angeles County Superior Court alleging eight causes of action against Defendants Wells Fargo Bank NA ("Wells Fargo") and T.D. Service Company ("T.D. Service") related to the foreclosure of Plaintiff's home. On June 1, 2011, Wells Fargo filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) and removed the case to this court.

**II. Discussion**

In her motion to remand, Plaintiff argues that this court does not have original jurisdiction over this matter under 28 U.S.C. § 1441 because the parties are not completely diverse. (Motion to Dismiss at 5). A diversity action may only be removed to federal court where there is complete diversity of citizenship. Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). There is a strong presumption against removal jurisdiction, which "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, Inc. v. Estate of Lhotka ex. rel Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing Gauss v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). The proponent of federal jurisdiction bears the burden to prove that removal is proper. Id.

On May 27, 2011, T.D. Service filed a declaration of non-monetary status. (Notice of Removal, Exhibit B). Under California Civil Code Section 2924l, a trustee under a deed of trust, such as T.D. Service, may file a declaration of non-monetary status. Cal. Civ. Code § 2924l(a). If no objection to the declaration is timely filed, the trustee need not participate further. Cal. Civ. Code § 2924l(d).

Wells Fargo filed its Notice of Removal on June 1, 2011, asserting that complete diversity of the parties exists because Plaintiff is a citizen of California, Wells Fargo is a citizen of South Dakota, and T.D. Service is a nominal defendant. (Notice of Removal at 3). On June 13, 2011, however, Plaintiff timely filed an objection to T.D. Service's declaration of non-monetary status.[1]

---

[1] In cases of service by mail, such as here, any statutory
(continued...)

A party filing a declaration of non-monetary status "does not actually become a nominal party until 15 days pass without objection." Silva v. Wells Fargo Bank NA, 2011 WL 2437514 at *5 (C.D. Cal. 2011). Removing parties must show that complete diversity existed *at the time of removal.* (Id.) Here, Plaintiff timely objected to T.D. Service's statement of non-monetary status. T.D. Service is not, therefore, a nominal defendant, and Wells Fargo has not met its burden to show that complete diversity existed at the time of removal.[2]

### III. Conclusion

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED and the case is REMANDED to Los Angeles County Superior Court. Wells Fargo's Motion to Dismiss (Dkt. No. 7) is DENIED as moot. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: August 19, 2011

DEAN D. PREGERSON
United States District Judge

---

[1](...continued)
response dates are extended by five days. Cal. Code Civ. Pro. § 1013(a).

[2] In its opposition to the instant motion, Wells Fargo argues, for the first time, that T.D. Service was fraudulently joined. (Opposition at 2). Fraudulent joinder provides an exception to the complete diversity requirement. Hunter, 582 F.3d at 443.
Under 28 U.S.C. § 1446, however, a Notice of Removal must 1) "contain a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and 2) be filed within thirty days of receipt of a pleading, motion, order, or other paper "from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b). Wells Fargo could have, but did not, raise the fraudulent joinder issue as grounds for removal in its Notice of Removal. Accordingly, the court does not reach the issue.

3